UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-111-FDW

| | |
|---|---|
| **BARRY WILLIAM HUDGINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| **SHERIFF DUNCAN, Sheriff of** ) | |
| **Buncombe County,** ) | |
| **STATE OF NORTH CAROLINA,** ) | |
| **Secretary Hooks, Department of** ) | |
| **Public Safety,** ) | |
| ) | |
| **Defendants.** ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. On May 16, 2017, this Court entered an order granting Plaintiff in forma pauperis status and waiving the initial filing fee. (Doc. No. 8).

**I.    BACKGROUND**

Pro se Plaintiff Barry William Hudgins, a North Carolina inmate currently incarcerated at Harnett Correctional Institution in Lillington, North Carolina, filed this action on April 20, 2017, pursuant to 42 U.S.C. § 1983.[1] Plaintiff has named Sheriff Duncan of Buncombe County as a Defendant. Plaintiff has also named as a Defendant the "State of North Carolina, Secretary

---

[1] The North Carolina Department of Public Safety website indicates that Plaintiff was convicted in Buncombe County in 2016 of being a habitual felon, and he was sentenced to 78-106 months of imprisonment.

1

Hooks of Department of Public Safety." Plaintiff has alleged the following in the Complaint:

> Judge Mark E. Powell issued an order on Feb. 2, 2015 issuing [Plaintiff] to be immediately released from prison and . . . custody. [Plaintiff] was not released from the jail until weeks later with no warrant or pending charges, nor this was not part of any plea agreement. [Plaintiff] was being unlawfully imprisoned without any pending charges, and or warrants, and no bond.
> This is a clear due process rights violation under the 14th amendment of the U.S. Constitution.
> Then the Court is awarding Barry Hudgins with 1,357 days of credit days spent in prison when he was not suppose to have been in prison, which is also a due process rights violation under the 14th Amendment of the U.S. Constitution.

(Doc. No. 1 at 3-4). In his prayer for relief, Plaintiff seeks damages of "$500.00 [a] day that I spent in the county jail after Judge Mark E. Powell ordered [Plaintiff's] immediate release but stayed in the Buncombe County Jail weeks later without any warrants, pending charges, etc."; "$25,000 for the credit time days awarded by the judge (1,357 credit days)"; or for the Court to "apply the 1,357 days toward the current sentence, currently serving by [Plaintiff]"; and a temporary restraining order in the form of an "injunction against Buncombe County Superior Court to not destroy any criminal documents." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A, in any action against a government employee, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an

2

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff alleges in his Complaint that he was falsely imprisoned because he was held in jail for several weeks after the criminal charges against him had been dismissed. A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment. See Cannon v. Macon Cnty., 1 F.3d 1558, 1562-63 (11th Cir. 1993), modified on other grounds, 15 F.3d 1022 (1994). Plaintiff has sufficiently alleged a claim for common law imprisonment under North Carolina law, which holds that "[f]alse imprisonment is the illegal restraint of one's person against his will." Hoffman v. Clinic Hosp., Inc., 213 N.C. 669, 197 S.E.2d 161 (1938). Moreover, the Fourteenth Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." Cannon v. Macon Cnty., 1 F.3d at 1563. At least one other circuit has held that "[d]etention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process." Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980).

This Court finds that, even if Plaintiff sufficiently states a claim for a due process violation, this action must be dismissed because Plaintiff has not presented sufficient allegations

3

to impose individual liability as to any of the named Defendants. Here, other than identifying Defendant Duncan as the Sheriff of Buncombe County at all relevant times, Plaintiff states no allegations of any personal participation by Duncan in the alleged violation of Plaintiff's due process rights. In his capacity as sheriff, Defendant Duncan serves as a supervisory government official. Such an individual cannot be held liable under a theory of respondeat superior because this liability generally does not attach in a § 1983 action. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). To hold Defendant Duncan responsible, Plaintiff must allege facts tending to show that Duncan's actions, or omissions, led to Plaintiff's injury.[2] Plaintiff has failed to make such a showing. See West v. Tillman, 496 F.3d 1321, 1332 (11th Cir. 2007) (per curiam) (finding that the sheriff was not deliberately indifferent to the inmate's Fourteenth Amendment due process right to a timely release from prison where the sheriff had delegated daily responsibility of the jail to a warden). Accordingly, Sheriff Duncan is dismissed as a Defendant. Similarly, to the extent that Plaintiff purports to bring a claim of individual liability against Defendant Hooks, identified as the Secretary of the North Carolina Department of Public Safety at all relevant times, Plaintiff alleges no personal participation by Hook and, instead, has merely named him as a Defendant. Thus, to the extent that Plaintiff is attempting to impose individual liability on Hooks, he will also be dismissed as a Defendant.

Finally, to the extent that Plaintiff purports to bring a claim for damages against the State of North Carolina or the North Carolina Department of Public Safety, neither the State of North

---

[2] A supervisor may be liable for acts of his subordinates if (1) the supervisor is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisor's inaction and the constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff does not allege any facts to support a finding of supervisor liability based on these three elements.

Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

For all these reasons, this action will be dismissed.

### IV. CONCLUSION

For the reasons stated herein, this action will be dismissed on initial review. See 28 U.S.C. §§ 1915(e)(2); 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint is dismissed without prejudice.
2. The Clerk is instructed to close this civil case.

Signed: July 5, 2017

Frank D. Whitney
Chief United States District Judge